# United States Court of Appeals
## For the First Circuit

**DOCKETING STATEMENT**

**No.** 23-1736         **Short Title:** Melone v. Coit

**Type of Action**

- [✓] Civil
- [ ] Criminal/Prisoner
- [ ] Cross Appeal

A. Timeliness of Appeal
   1. Date of entry of judgment or order appealed from 08/07/2023
   2. Date this notice of appeal filed 09/05/2023
      If cross appeal, date first notice of appeal filed _____
   3. Filing date of any post-judgment motion filed by any party which tolls time under Fed. R. App. P. 4(a)(4) or 4(b) not applicable
   4. Date of entry of order deciding above post-judgment motion not applicable
   5. Filing date of any motion to extend time under Fed. R. App. P. 4(a)(5), 4(a)(6) or 4(b) not applicable
      Time extended to _____

B. Finality of Order or Judgment
   1. Is the order or judgment appealed from a final decision on the merits?   [✓] Yes   [ ] No
   2. If no,
      a. Did the district court order entry of judgment as to fewer than all claims or all parties pursuant to Fed. R. C. P. 54(b)?   [ ] Yes   [ ] No
         If yes, explain _____
      b. Is the order appealed from a collateral or interlocutory order reviewable under any exception to the finality rule?   [ ] Yes   [ ] No
         If yes, explain _____

C. Has this case previously been appealed?   [ ] Yes   [✓] No
   If yes, give the case name, docket number and disposition of each prior appeal
   _____

D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court?   [✓] Yes   [ ] No
   If yes, cite the case and manner in which it is related on a separate page. If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.

E. Were there any in-court proceedings below? ☑ Yes ☐ No
If yes, is a transcript necessary for this appeal? ☑ Yes ☐ No
If yes, is transcript already on file with district court? ☑ Yes ☐ No

F. List each adverse party to the appeal. If no attorney, give address and telephone number of the adverse party. Attach additional page if necessary.

1. Adverse party  Janet Coit
   Attorney  Thekla Hansen-Young
   Address   US Dep't of Justice, PO Box 7415, Washington, DC 20044
   Telephone  202-307-2710

2. Adverse party  National Marine Fisheries Service
   Attorney  Thekla Hansen-Young
   Address  US Dep't of Justice, PO Box 7415, Washington, DC 20044
   Telephone  202-307-2710

3. Adverse party  Vineyard Wind 1 LLC
   Attorney  David T. Buente Jr.
   Address   Sidley Austin LLP, 1501 K Street, NW, Washington, DC 20005
   Telephone  202-736-8111

G. List name(s) and address(es) of appellant(s) who filed this notice of appeal and appellant's counsel. Attach additional page if necessary.

1. Appellant's name  Thomas Melone
   Address  Allco Renewable Energy Ltd., 157 Church St., 19th fl., New Haven CT 06510
   Telephone  212-681-1120

   Attorney's name  Thomas Melone
   Firm  Allco Renewable Energy Ltd.,
   Address   157 Church St., 19th fl., New Haven CT 06510
   Telephone   212-681-1120

2. Appellant's name
   Address
   Telephone

   Attorney's name
   Firm
   Address
   Telephone

Will you be handling the appeal? (In criminal cases counsel below will handle the appeal unless relieved by this court.)   ☑ Yes   ☐ No

Fed. R. App. P. 12(b) provides that each attorney who files a notice of appeal must file with the clerk of the court of appeals a statement naming each party represented on appeal by that attorney. 1st Cir. R. 12.0 requires that statement in the form of an appearance.

Signature  /s/Thomas Melone
Date  09/22/2023

Attachment 1

D. Are any related cases or cases raising related issues pending in this court, any district court of this circuit, or the Supreme Court? Yes
If yes, cite the case and manner in which it is related on a separate page. If abeyance or consolidation is warranted, counsel must file a separate motion seeking such relief.

1. *Seafreeze Shoreside, Inc. v. US Dep't of the Interior*, No. 23-1473 (1st Cir.) Related because it relates to the Vineyard Wind offshore wind energy project.
2. *Nantucket Residents Against Turbines v. U.S. Bureau of Ocean Energy Management*, No. 23-1501 (1st Cir.). Related because it relates to the Vineyard Wind offshore wind energy project.
3. *Loper Bright Enterprises v. Raimondo*, No. 22-451, cert. petition granted May 1, 2023, 143 S. Ct. 2429. Related because the District Court decided this case based upon *Chevron* deference to the Appellee National Marine Fisheries Service. The question certified by the Supreme Court is: "Whether the Court should overrule *Chevron* or at least clarify that statutory silence concerning controversial powers expressly but narrowly granted elsewhere in the statute does not constitute an ambiguity requiring deference to the agency."